# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHIT LNU,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-00016-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 2) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner was born in India and entered the United States on June 20, 2024 and was briefly detained by the Department of Homeland Security ("DHS"). Petitioner was released on an order of release on recognizance. (ECF No. 1 at 4; ECF No. 1-2 at 2.) The conditions of release required Petitioner to be placed on Alternative to Detention ("ATD") monitoring and mandated that Petitioner check in with Immigration and Customs Enforcement ("ICE"). DHS served Petitioner with a Notice to Appear ("NTA") which designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 1 at 5.)

1

Following his release from detention, Petitioner filed a Form I-589, application for asylum, with the immigration court. Petitioner also obtained gainful employment and complied all the conditions of his order of release. The petition alleges that Petitioner has no criminal history. (ECF No. 1 at 5.) However, based on the Form I-213[1] submitted by Respondents, on September 3, 2025, Petitioner was arrested for petty theft, a violation of California Penal Code section 484(a). (ECF No. 9-1 at 4.) On November 24,[2] 2025, ICE detained Petitioner following his scheduled ICE check-in appointment. (ECF No. 1 at 5; ECF No. 9-1 at 4.)

On January 5, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On January 6, 2026, the assigned district judge denied the motion for TRO as untimely, but given "that Petitioner raises a serious question as to the process he is due," the Court converted the motion for TRO "to one seeking a preliminary injunction and refer[red] the matter to the assigned magistrate judge to address as quickly as possible." (ECF No. 6.) On January 21, 2026, Respondents filed a response to the petition and request for injunctive relief. (ECF No. 9.) To date, no reply in support of the motion for preliminary injunction has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

In the order setting the briefing schedule, the Court indicated an intention "to issue findings and recommendations on the merits of the petition for writ of habeas corpus, with the understanding that the Court will also consider any arguments made and exhibits submitted in support of the motion for preliminary injunction." (ECF No. 7 at 1 (citing Fed. R. Civ. P. 65(a)(2)).) However, in light of information contained in Respondents' response, Petitioner's lack of reply, and the limited record before the Court, the Court determines that advancing the merits determination and consolidating it with the resolution of the preliminary injunction would not be appropriate.

---

[1] "A Form I-213 is 'a recorded recollection of a[n INS agent's] conversation with the alien' which 'border agents routinely complete after interviewing aliens.'" Smith v. Garland, 103 F.4th 663, 665 (9th Cir. 2024) (alteration in original) (quoting Espinoza v. INS, 45 F.3d 308, 310 & n.1 (9th Cir. 1995)).

[2] The petition alleges that Petitioner was detained on November 20, 2025. (ECF No. 1 at 5.) However, the Form I-213 indicates that Petitioner was taken into Respondents' custody on November 24, 2025. (ECF No. 9-1 at 4.)

**A.  Statutory Framework**

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'" Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination," and the noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 C.F.R. § 236.1(c)(8)).

"[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(a)(3)). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." Jennings, 583 U.S. at 287. "Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens." Id.

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. Section 1225(b)(1) also applies to certain

other aliens designated by the Attorney General in his discretion." Jennings, 583 U.S. at 287 (citations omitted). "Aliens covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). "But if a § 1225(b)(1) alien 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that alien is referred for an asylum interview." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(A)(ii)). "If an immigration officer determines after that interview that the alien has a credible fear of persecution, 'the alien shall be detained for further consideration of the application for asylum.'" Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, "[a]ll applicants for admission who are not processed for expedited removal [pursuant to § 1225(b)(1)] are placed in regular removal proceedings under § 1225(b)(2)(A). That process generally entails a hearing before an immigration judge pursuant to § 1229a." Innovation Law Lab v. McAleenan, 924 F.3d 503, 507 (9th Cir. 2019).

"Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)) (citing 8 C.F.R. §§ 212.5(b), 235.3 (2017)). "Such parole, however, 'shall not be regarded as an admission of the alien.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). "Instead, when the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

"Until [2025], the DHS has applied § 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid

documentation. This practice was codified by regulation." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *3 (N.D. Cal. Sept. 12, 2025). In its briefing in Salcedo Aceros, "the Government acknowledge[d] that 'until recently,' it considered § 1226(a) to be an available detention authority for noncitizens who might also be subject to § 1225." Id. (citation omitted).

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." [Dkt. No. 5-2 at 45–46, "DHS Guidance Notice" or "DHS Policy"]. The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [Id.]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

## B. Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 2 (2008) (citations omitted).

> Under the "sliding scale" variant of the *Winter* standard, "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."

All. for the Wild Rockies v. Pena, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013)). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted). An injunction may only be awarded upon a clear showing that the Petitioner is entitled to relief. Winter, 555 U.S. at 22 (citation omitted).

5

"Likelihood of success on the merits is a threshold inquiry and is the most important factor." Env't Prot. Info. Ctr. v. Carlson, 968 F.3d 985, 989 (9th Cir. 2020) (citing Edge v. City of Everett, 929 F.3d 657, 663 (9th Cir. 2019)). Petitioner asserts that he is likely to succeed on the merits because he is detained under § 1226(a), not § 1225(b), noting that "[f]or nearly three decades, DHS and EOIR consistently treated individuals in Petitioner's position as detained under § 1226(a)" and "[d]istrict courts nationwide—including multiple courts in the Eastern District of California—have rejected DHS's [new] interpretation as inconsistent with: The statutory text, the structure of §§ 1225 and 1226, Congressional intent, and Due process." (ECF No. 2 at 3.) Respondents contend, however, that Petitioner "is subject to detention under 8 U.S.C. § 1226(c)(1)(E)." (ECF No. 9 at 3.)

> Although section 1226(a) sets out a discretionary detention scheme, section 1226(c) provides an exception which mandates detention for certain criminal noncitizens. *See* 8 U.S.C. § 1226(c)(1)(E). Section 1226(c)(1)(E), which was added to the statute in 2025 by the Laken Riley Act, mandates detention for any noncitizen (i) who is inadmissible under section 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled," *and* (ii) who "is charged with, arrested for, convicted of, or admits" to committing certain crimes.

Lepe v. Andrews, 801 F. Supp. 3d 1104, 1115 (E.D. Cal. 2025) (quoting 8 U.S.C. § 1226(c)(1)(E)). Accord J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *12 (E.D. Cal. Oct. 16, 2025).

To avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes[.]" Singh v. Chestnut, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). Thus, "mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." Singh, 2026 WL 266021, at *2. Courts have found serious questions going to the merits as to the application of the Laken Riley Act where noncitizens were arrested but prosecutors ultimately declined to file charges and closed the case. Singh, 2026 WL 266021, at *2; S.E. v. Noem, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026).

Respondents argue that "Petitioner does not dispute that he is charged with inadmissibility under § 1182(a)(6)(A), which satisfies the requirement of subsection (i). And Petitioner's recent arrest for violation of Cal. Pen. Code § 484(a) satisfies the requirements of subsection (ii)" because the "statutory language for this offense applies when a person feloniously 'is guilty of theft[,]'" which "is a textual match for the language in § 1226, which prescribes mandatory detention when a noncitizen 'is charged with, is arrested for… acts which constitute the essential elements of … any burglary, theft, larceny, shoplifting.'" (ECF No. 9 at 3 (first quoting Cal. Pen. Code § 484(a); then quoting 8 U.S.C. § 1226(c)(1)(E)(ii)).) "On its face, the Laken Riley Act appears to apply to Petitioner, given that he was arrested for one of the enumerated crimes in section 1226(c)(1)(E)(iii)." Singh, 2026 WL 266021, at *2. As Petitioner did not file a reply to Respondents' response and has not addressed the applicability of the Laken Riley Act whatsoever, the Court recommends finding that Petitioner has not established that he is likely to succeed on the merits or shown that there are serious questions going to the merits with respect to his claim that he is being unlawfully detained without access to bond.

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Petitioner's motion for preliminary injunction (ECF No. 2) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 12, 2026**

STANLEY A. BOONE
United States Magistrate Judge