# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHIT LNU,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-00016-JLT-SAB-HC<br><br>ORDER VACATING JULY 30, 2026 FINDINGS AND RECOMMENDATION<br><br>(ECF No. 26)<br><br>AMENDED FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner was born in India and entered the United States on June 20, 2024 and was briefly detained by the Department of Homeland Security ("DHS"). Petitioner was released on an order of release on recognizance. (ECF No. 1 at 4; ECF No. 1-2 at 2.[1]) The conditions of release required Petitioner to be placed on Alternative to Detention ("ATD") monitoring and mandated that Petitioner check in with Immigration and Customs Enforcement ("ICE"). DHS served Petitioner with a Notice to Appear ("NTA") which designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 1 at 5.)

Following his release from detention, Petitioner filed a Form I-589, application for asylum, with the immigration court. Petitioner also obtained gainful employment and complied all the conditions of his order of release. The petition alleges that Petitioner has no criminal history. (ECF No. 1 at 5.) However, based on the Form I-213[2] submitted by Respondents, on September 3, 2025, Petitioner was arrested for petty theft, a violation of California Penal Code section 484(a). (ECF No. 9-1 at 4.) On November 24,[3] 2025, ICE detained Petitioner following his scheduled ICE check-in appointment. (ECF No. 1 at 5; ECF No. 9-1 at 4.)

On January 5, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On January 6, 2026, the assigned district judge denied the motion for TRO as untimely, but given "that Petitioner raises a serious question as to the process he is due," the Court converted the motion for TRO "to one seeking a preliminary injunction and refer[red] the matter to the assigned magistrate judge to address as quickly as possible." (ECF No. 6.)

On March 5, 2026, the Court denied Petitioner's motion for temporary restraining order based upon the findings and recommendations, which "concluded that Petitioner may be subject to mandatory detention under the Laken Riley Act, and Petitioner failed to address the Act's provisions[,]" and to which Petitioner did not file any objections. (ECF No. 11 at 1.) On April 15, 2026, Respondents filed a notice stating that an immigration judge had ordered Petitioner removed to Canada on March 23, 2026, and that Respondents would not file additional briefing. (ECF No. 12.) On May 13, 2026, Petitioner filed a response, indicating that Petitioner timely filed an appeal with the Board of Immigration Appeals ("BIA"), the removal order is not yet administratively final, and thus, "the issues raised in the pending habeas petition are not moot."

[2] "A Form I-213 is 'a recorded recollection of a[n INS agent's] conversation with the alien' which 'border agents routinely complete after interviewing aliens.'" Smith v. Garland, 103 F.4th 663, 665 (9th Cir. 2024) (alteration in original) (quoting Espinoza v. INS, 45 F.3d 308, 310 & n.1 (9th Cir. 1995)).

[3] The petition alleges that Petitioner was detained on November 20, 2025. (ECF No. 1 at 5.) However, the Form I-213 indicates that Petitioner was taken into Respondents' custody on November 24, 2025. (ECF No. 9-1 at 4.)

(ECF No. 14 at 2.) The Court ordered supplemental briefing on the applicability of the Laken Riley Act. (ECF No. 17.) The parties filed supplemental briefs. (ECF Nos. 23–25.)

On July 30, 2026, the Court issued findings and recommendations to grant the petition in part, finding that although Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), Petitioner's continued detention had become unreasonable and due process required that Petitioner be provided a bond hearing. (ECF No. 26.) On August 13, 2026, Respondents filed objections to the findings and recommendation. (ECF No. 28.) On August 14, 2026, Petitioner filed a reply to Respondents' objections and notice of supplemental evidence that Petitioner's criminal case has been dismissed. (ECF No. 29.) The Court ordered supplemental briefing regarding the dismissal of Petitioner's criminal case. (ECF No. 30.) The parties filed supplemental briefs. (ECF Nos. 31, 32.) On August 26, 2026, the BIA dismissed Petitioner's appeal. (ECF No. 31 at 1.)

**II.**

**DISCUSSION**

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). "Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a

subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

"After receiving Petitioner Rohit Lnu's filing showing dismissal under Cal. Penal Code § 1001.95, Respondents concede § 1226(c) no longer applies." (ECF No. 31 at 1.) However, Respondents argue that because the BIA dismissed Petitioner's appeal, and no court has stayed that order, Petitioner is subject to mandatory detention during the ninety–day removal period under § 1231(a)(2). (Id. at 1–2.) Petitioner contends that "the fact that the BIA issued a decision during the pendency of this habeas proceeding does not erase the constitutional and factual circumstances that gave rise to Petitioner's detention, nor does it resolve whether the Government may continue to deprive Petitioner of his liberty based upon a detention rationale that has already ceased to apply." (ECF No. 32 at 3.) Petitioner also notes that he is "pursuing the available legal remedies, including a motion to reopen and a petition for review before the United States Court of Appeals for the Ninth Circuit." (Id.)

Petitioner's order of removal became administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i). Petitioner has filed a petition for review in the Ninth Circuit. Petition for Review, Lnu v. Blanche, No. 26-5879 (9th Cir. Sept. 10, 2026). However, a review of the docket reflects that the Ninth Circuit has not stayed Petitioner's removal. See Docket, Lnu, No. 26-5879 (9th Cir. filed Sept. 10, 2026).[4] Therefore, 8 U.S.C. § 1231(a)(1)(B)(ii) is inapplicable, the removal period commenced

[4] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United

on August 26, 2026, the date Petitioner's removal order became administratively final, 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner's detention authority has shifted to § 1231.

This Court has found that "[a] petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." Garcia Fernandez v. Chestnut, No. 2:26-CV-00571 JLT EPG (HC), 2026 WL 1457335, at *1 (E.D. Cal. May 22, 2026) (internal quotation marks omitted) (quoting Baires v. Lynch, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016)). "Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process." Garcia Fernandez, 2026 WL 1457335, at *1 (citing Ortega v. Warden of Golden State Annex ICE Detention Facility, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); Aguilar Garcia v. Kaiser, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025)). See also Wakil v. Warden of Golden State Annex Det. Facility, No. 1:25-CV-01098-CDB (HC), 2026 WL 161223, at *4 (E.D. Cal. Jan. 21, 2026) ("[W]hile revocation of Petitioner's parole without a bond or custody hearing may implicate a due process issue . . . relief under due process is unavailable at this time in light of the final order of removal entered against Petitioner. Section 1231(a) attaches such that Petitioner must be detained for up to the 90-day statutory period pending removal, and thus Petitioner's petition for relief under due process must be denied."); Singh v. Warden, No. 1:26-CV-01242-DAD-JDP, 2026 WL 523191, at *2 (E.D. Cal. Feb. 25, 2026) ("[P]etitioner challenges his detention under a theory that his detention has become prolonged in violation of due process. It is unclear whether petitioner was subject to pre-removal custody under § 1225(b), § 1226(a), or § 1182. Nonetheless, that is of no moment here because he is now clearly subject to a final order of removal. This means that his claim has been rendered moot."). Accordingly, the Court recommends finding that the petition is moot.[5]

---

States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

[5] "If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-CV-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as moot.

Further, the Court VACATES the July 30, 2026 (ECF No. 26) findings and recommendations.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge