# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHIT LNU,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-00016-JLT-SAB-HC<br><br>ORDER VACATING SEPTEMBER 23, 2026 AMENDED FINDINGS AND RECOMMENDATION<br><br>(ECF No. 34)<br><br>SECOND AMENDED FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART, DENY PETITIONER'S REQUEST FOR RULING ON OBJECTIONS AND IMMEDIATE RELEASE, AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING<br><br>(ECF Nos. 1, 36) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner was born in India and entered the United States on June 20, 2024 and was briefly detained by the Department of Homeland Security ("DHS"). Petitioner was released on

///

an order of release on recognizance. (ECF No. 1 at 4; ECF No. 1-2 at 2.[1]) The conditions of release required Petitioner to be placed on Alternative to Detention ("ATD") monitoring and mandated that Petitioner check in with Immigration and Customs Enforcement ("ICE"). DHS served Petitioner with a Notice to Appear ("NTA") which designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 1 at 5.)

Following his release from detention, Petitioner filed a Form I-589, application for asylum, with the immigration court. Petitioner also obtained gainful employment and complied all the conditions of his order of release. The petition alleges that Petitioner has no criminal history. (ECF No. 1 at 5.) However, based on the Form I-213[2] submitted by Respondents, on September 3, 2025, Petitioner was arrested for petty theft, a violation of California Penal Code section 484(a). (ECF No. 9-1 at 4.) On November 24,[3] 2025, ICE detained Petitioner following his scheduled ICE check-in appointment. (ECF No. 1 at 5; ECF No. 9-1 at 4.)

On January 5, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On January 6, 2026, the assigned district judge denied the motion for TRO as untimely, but given "that Petitioner raises a serious question as to the process he is due," the Court converted the motion for TRO "to one seeking a preliminary injunction and refer[red] the matter to the assigned magistrate judge to address as quickly as possible." (ECF No. 6.)

On March 5, 2026, the Court denied Petitioner's motion for temporary restraining order based upon the findings and recommendations, which "concluded that Petitioner may be subject to mandatory detention under the Laken Riley Act, and Petitioner failed to address the Act's

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "A Form I-213 is 'a recorded recollection of a[n INS agent's] conversation with the alien' which 'border agents routinely complete after interviewing aliens.'" Smith v. Garland, 103 F.4th 663, 665 (9th Cir. 2024) (alteration in original) (quoting Espinoza v. INS, 45 F.3d 308, 310 & n.1 (9th Cir. 1995)).

[3] The petition alleges that Petitioner was detained on November 20, 2025. (ECF No. 1 at 5.) However, the Form I-213 indicates that Petitioner was taken into Respondents' custody on November 24, 2025. (ECF No. 9-1 at 4.)

provisions[,]" and to which Petitioner did not file any objections. (ECF No. 11 at 1.) On April 15, 2026, Respondents filed a notice stating that an immigration judge had ordered Petitioner removed to Canada on March 23, 2026, and that Respondents would not file additional briefing. (ECF No. 12.) On May 13, 2026, Petitioner filed a response, indicating that Petitioner timely filed an appeal with the Board of Immigration Appeals ("BIA"), the removal order is not yet administratively final, and thus, "the issues raised in the pending habeas petition are not moot." (ECF No. 14 at 2.) The Court ordered supplemental briefing on the applicability of the Laken Riley Act. (ECF No. 17.) The parties filed supplemental briefs. (ECF Nos. 23–25.)

On July 30, 2026, the Court issued findings and recommendations to grant the petition in part, finding that although Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), Petitioner's continued detention had become unreasonable and due process required that Petitioner be provided a bond hearing. (ECF No. 26.) On August 13, 2026, Respondents filed objections to the findings and recommendation. (ECF No. 28.) On August 14, 2026, Petitioner filed a reply to Respondents' objections and notice of supplemental evidence that Petitioner's criminal case had been dismissed after Petitioner participated in the diversion process, complied with the requirements imposed upon him, and successfully completed the Theft Awareness Program. (ECF No. 29.) The Court ordered supplemental briefing regarding the dismissal of Petitioner's criminal case. (ECF No. 30.) The parties filed supplemental briefs. (ECF Nos. 31, 32.) On August 26, 2026, the BIA dismissed Petitioner's appeal. (ECF No. 31 at 1.)

On September 23, 2026, the Court issued findings and recommendation to dismiss the petition as moot because the detention authority had shifted to § 1231 upon the BIA affirming Petitioner's removal order. Although Petitioner had filed a petition for review in the Ninth Circuit, the court had not stayed Petitioner's removal. "Therefore, 8 U.S.C. § 1231(a)(1)(B)(ii) is inapplicable, the removal period commenced on August 26, 2026, the date Petitioner's removal order became administratively final, 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner's detention authority has shifted to § 1231." (ECF No. 34 at 4–5.)

///

On September 28, 2026, Petitioner filed objections to the amended findings and recommendation and a notice of the Ninth Circuit's stay of removal.[4] (ECF No. 35.) On October 26, 2026, Petitioner filed a supplemental notice and request for ruling on the objections and immediate release. (ECF No. 36.) To date, no reply to Petitioner's objections has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statutory Authority for Petitioner's Detention

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'" Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529.

1. 8 U.S.C. § 1226(c)(1)(E)

> Although section 1226(a) sets out a discretionary detention scheme, section 1226(c) provides an exception which mandates detention for certain criminal noncitizens. *See* 8 U.S.C. § 1226(c)(1)(E). Section 1226(c)(1)(E), which was added to the statute in 2025 by the Laken Riley Act, mandates detention for any noncitizen (i) who is inadmissible under section 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled," *and* (ii) who "is charged with, arrested for, convicted of, or admits" to committing certain crimes.

[4] Petitioner filed an emergency motion for stay of removal on September 28, 2026. Under Ninth Circuit General Order 6.4, a temporary stay of removal is in effect until further order of the court. (ECF No. 35 at 8.)

Lepe v. Andrews, 801 F. Supp. 3d 1104, 1115 (E.D. Cal. 2025) (quoting 8 U.S.C. § 1226(c)(1)(E)). Accord J.S.H.M. v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *12 (E.D. Cal. Oct. 16, 2025).

To avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes[.]" Singh v. Chestnut, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). Thus, "mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." Singh, 2026 WL 266021, at *2. Courts have found serious questions going to the merits as to the application of the Laken Riley Act where noncitizens were arrested but prosecutors ultimately declined to file charges and closed the case. Singh, 2026 WL 266021, at *2; S.E. v. Noem, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026).

"The statute's 'use of the present tense is conspicuous and important.'" Singh v. Wofford, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (quoting Helbrum, 2025 WL 2840273, at *5). "'By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]' such as by a conviction." Singh, 2026 WL 972547, at *2 (quoting Helbrum, 2025 WL 2840273, at *5–6). After the dismissal of Petitioner's criminal case, Respondents concede that § 1226(c) no longer applies. (ECF No. 31 at 1.) Accordingly, the Court recommends finding that 8 U.S.C. § 1226(c)(1)(E) is inapplicable.

2. 8 U.S.C. § 1231

"Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,'

during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

Here, Petitioner has filed a petition for review of his removal order in the Ninth Circuit, which has stayed Petitioner's removal. Therefore, 8 U.S.C. § 1231(a)(1)(B)(ii) appears to be applicable, and the removal period has not yet commenced. Accordingly, the Court recommends finding that Petitioner's detention is not governed by 8 U.S.C. § 1231.

3. 8 U.S.C. § 1225(b)

In Count Three of the petition, Petitioner challenge the application of 8 U.S.C. § 1225(b) to him because he is subject to discretionary detention under § 1226(a). (ECF No. 1 at 11.) To the extent Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2), (ECF No. 9 at 1), "[t]ime and again, this Court and others have found that when a petitioner is encountered at the border and subsequently released on parole, that individual is *not* an 'applicant for admission' under 8 U.S.C. § 1225, but is instead detained pursuant to 8 U.S.C. § 1226(a)." Arias Matos v. Warden of the California City Detention Center, No. 1:26-CV-07891-JLT-SAB, 2026 WL 3216371, at *4 (E.D. Cal. Oct. 27, 2026). Accordingly, the Court recommends finding that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and Petitioner is entitled to relief on Count Three.

**B. Procedural Due Process**

In Count Two of the petition, Petitioner challenges his detention on procedural due process grounds. (ECF No. 1 at 9–10.) "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Even when the government has

discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release." Garro Pinchi v. Noem, 813 F. Supp. 3d. 973, 1034 (N.D. Cal. 2025) (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)). "Other courts, including this Court, have held similarly." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT-SKO, 2025 WL 3523108, at *10 (E.D. Cal. Dec. 9, 2025) (citing Doe v. Becerra, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025)). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025).

As Respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions that have granted habeas relief in similar circumstances, the Court recommends granting Count Two of the petition and ordering Respondent to provide Petitioner with a bond hearing before a neutral decisionmaker where the government bears the burden to demonstrate that Petitioner is a flight risk or danger to the community by clear and convincing evidence for the reasons set forth in Rojas v. Chestnut, No. 1:26-CV-03154-JLT-CDB, 2026 WL 1329741 (E.D. Cal. May 13, 2026), and J.S.H.M. v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025).

**C. Substantive Due Process**

In Count One of the petition, Petitioner challenges his detention on substantive due process grounds. (ECF No. 1 at 9.) "As an initial matter, the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." United States v. Salerno, 481 U.S. 739, 746 (1987) (citing Bell v. Wolfish, 441 U.S. 520, 537 (1979)). "A due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention appears excessive in relation to its regulatory purpose." United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (citing Salerno, 481 U.S. at 747). "The point at which detention constitutes a due process violation requires a case-by-case analysis." Torres, 995 F.3d at 708 (citing United States v. Gelfuso, 838 F.2d 358, 359–60 (9th Cir. 1988)).

In Martinez Leiva v. Becerra, the petitioner raised a substantive due process claim, arguing that his detention had "become unconstitutionally punitive, as: (1) it does not serve any nonpunitive governmental interest because he is not a flight risk or danger to his community; (2) it is excessive in relation to any governmental interest; and (3) its duration exceeds the bounds of due process." Martinez Leiva v. Becerra, No. 23-CV-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) (footnote omitted). The district court rejected the petitioner's arguments, stating "that is what bond hearings are for." Id. Similarly, here, the Court recommends finding that Petitioner is not entitled to relief on his substantive due process claim.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on Counts Two and Three;
2. Petitioner's request for ruling on objections and immediate release (ECF No. 36) be DENIED; and
3. Respondents be directed to provide Petitioner with an individualized hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify his detention.

Further, the Court VACATES the September 23, 2026 amended findings and recommendations (ECF No. 34).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge