**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ROHIT LNU,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-00016 JLT SAB (HC)

A-Number: 226-100-554

ORDER ADOPTING SECOND AMENDED FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART, DENY PETITIONER'S REQUEST FOR RULING ON OBJECTIONS AND IMMEDIATE RELEASE, AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING

(Docs. 1, 37)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 2, 2026, the magistrate judge issued findings and recommendations that the petition be granted in part, that Petitioner's request for ruling on objections and immediate release be denied, and that Respondents be directed to provide petitioner with a bond hearing. (Doc. 37.) On November 13, 2026, Respondents filed objections asserting that they objected "[f]or the reasons set forth in Respondents' previous briefing." (Doc. 38 at 1.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's generalized objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on November 2, 2026, (Doc. 37), are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED** on Counts Two and Three.
3. Petitioner's request for ruling on objections and immediate release (Doc. 36) is **DENIED.**
4. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.
5. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **<u>At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.</u>**

7. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.
8. The Clerk of Court is directed to **CLOSE THE CASE** and terminate all pending motions.

IT IS SO ORDERED.

Dated: November 17, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE